UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------

|  |  |  |
|---|---|---|
| JAVONTE LACY, | : | CASE NO. 1:21CV00162 |
|  | : |  |
|     Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1] |
| GARY L. YOST, et al., | : |  |
|  | : |  |
|     Defendants. | : |  |
|  | : |  |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Javonte Lacy, a state prisoner confined at the Lake Erie Correctional

Institution, brings this action pursuant to 42 U.S.C. § 1983 against defendants Judge Gary

L. Yost, Judge Robert S. Wynn, and "Tammy Dandorfer/ACAPL."[1]

For the reasons that follow, this action is dismissed.

## I. Background

According to the Complaint, Judge Gary L. Yost is a judge with the Ashtabula

County Court of Common Pleas, Judge Robert Wynn is a judge with the Ashtabula Eastern

County Court, and Tammy Dandorfer, is the Director of the Ashtabula County Animal

Protective League ("ACAPL").[2] Plaintiff states that he was charged with certain crimes

concerning his several dogs in Ashtabula County Court of Common Pleas (Case No. 2017-

CR-00161) and Ashtabula Eastern County Court (Case No. 2018-CRA-00017). According

to Plaintiff, as a result of the charges, the ACAPL removed Plaintiff's dogs from his home.

-------------------------

[1] Doc. 1.

[2] *Id.* at 3.

Case No. 1:21CV00162
Gwin, J.

Plaintiff asserts that the charges were later dismissed and he attempted to retrieve his dogs from the ACAPL, but the ACAPL refused to return his dogs because he did not have a written court order. Plaintiff claims that the ACAPL then sold his dogs illegally.[3]

Thereafter, Plaintiff filed a civil complaint for the return of his dogs in the Ashtabula County Court of Common Pleas, Case No. 2018-CV-00092, against the State of Ohio and the ACAPL. In his Complaint, Plaintiff claimed that the defendants illegally seized his property, which consisted of "eight Wolf Hybrids and two American Bullies," and he requested the return of his dogs or damages in the amount of $10,200 in the event they could not be returned.[4] The Ashtabula County Common Pleas Court dismissed Defendant State of Ohio, and it granted summary judgment in favor of the ACAPL and awarded the ACAPL default judgment on its counterclaim.[5] Plaintiff appealed the decision to the Eleventh District Court of Appeals, which affirmed the trial court.[6] Plaintiff states that he appealed to the Ohio Supreme Court, which declined to accept jurisdiction.[7]

Plaintiff now alleges in this action that the State of Ohio failed to conduct a proper investigation into "the Lacy incident," which resulted in the state's decision to prosecute him. He claims that had the state conducted a proper investigation, no charges would have been filed. He also claims that had the court given him "the proper documentation after the court issued its ruling," his dogs would have been timely returned. Plaintiff

---

[3] *Id.* at 3-4.
[4] *Id.* at 5.
[5] *Id.*; *See Lacy v. State*, 11th Dist. Ashtabula No. 2019-A-0091, 2020-Ohio-3089 (May 26, 2020).
[6] *Id.*
[7] Doc. 1 at 5.

Case No. 1:21CV00162
Gwin, J.

alleges that the defendants' "wrongful and illegal actions" have deprived him of his "legal and rightful property."[8]

Plaintiff seeks damages in the amount of $60,000.

## II. Standard of Review

Although *pro se* pleadings are liberally construed,[9] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[10]  A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[11]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[12] and *Ashcroft v. Iqbal*,[13] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[14]  A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.  Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements[15] and requires that the pleading contain a short and plain statement

---

[8] *Id.* at 5-6.

[9] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

[11] *Neitzke*, 490 U.S. at 327.

[12] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[13] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

[14] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[15] *Twombly*, 550 U.S. at 564.

Case No. 1:21CV00162
Gwin, J.

of the claim showing that the pleader is entitled to relief.[16]  In reviewing a complaint, the

Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[17]

### III. Discussion

#### A.  Judicial Immunity

Plaintiff brings this § 1983 action against Judge Yost and Judge Wynn, claiming that

their failure to issue written orders in Plaintiff's lower court cases caused him to be

deprived of his property.  To establish a violation under § 1983, a plaintiff must show that

a person acting under color of state law deprived him or her of rights, privileges, or

immunities secured by the Constitution or laws of the United States.[18]  Defendants,

however, are immune from liability under § 1983.

It is well established that judicial officers are immune from civil suits for money

damages.[19]  This immunity applies even if the action at issue was performed in error, done

maliciously, or was in excess of the judge's authority.[20]  Judges receive this broad protection

to ensure that the independent and impartial exercise of their judgment in a case is not

impaired by the exposure to damages by dissatisfied litigants.[21] Absolute judicial immunity

is therefore overcome only (1) when the conduct alleged is performed at a time when the

defendant is not acting as a judge, or (2) when the conduct alleged, although judicial in

---

[16] *Iqbal*, 556 U.S. at 677-78.

[17] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).
[18] *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).
[19] *E.g.*, *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).
[20] *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).
[21] *Barnes*, 105 F.3d at 1115.

Case No. 1:21CV00162
Gwin, J.

nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.[22]

Neither exception to judicial immunity applies here. Judge Yost and Judge Wynn are therefore immune from Plaintiff's claims.

### B. State Court Decision

Plaintiff claims in this action that the defendants illegally seized his dogs, and he is seeking damages. Plaintiff cannot, however, file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the state court.[23] In other words, if Plaintiff would be barred from litigating the matter again in state court, he cannot avoid that procedural bar by filing the action in federal court rather than state court. To determine the preclusive effect a prior state court judgment would have on the present federal action, this Court must apply Ohio's law on preclusion. [24]

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion.[25] Under claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[26] The doctrine of claim preclusion encompasses "all claims which were or might have been

---

[22] *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.
[23] 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).
[24] *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).
[25] *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 2008- Ohio 6254, 899 N.E.2d 975, 981 (2008).
[26] *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995- Ohio 331, 653 N.E.2d 226 (1995).

-5-

Case No. 1:21CV00162
Gwin, J.

litigated in a first lawsuit."[27] By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action."[28]  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action."[29]

Here, issue preclusion would apply to bar Plaintiff from relitigating in federal court his claims against the ACAPL for the return of his dogs or for damages in the event the dogs could not be returned.  The state court necessarily decided the issue concerning the allegedly illegally seized dogs when it granted summary judgment in favor of the ACAPL.[30] And Plaintiff was clearly a party to that action. This Court must give full faith and credit to the state court's decision on the issue of the purported seizure of Plaintiff's dogs.[31]

Plaintiff is therefore barred from relitigating that matter in this Court.

To the extent Plaintiff is seeking to challenge the outcome of a completed state court proceeding, this Court lacks jurisdiction to do so pursuant to the *Rooker-Feldman*

---

[27] *Id.*

[28] *MetroHealth Medical Ctr. v. Hoffmann-Laroche, Inc.*, 80 Ohio St. 3d 212, 217, 1997-Ohio-345, 685 N.E.2d 529 (1997).

[29] *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994- Ohio 358, 637 N.E.2d 917 (1994).

[30] *See Lacy*, 11th Dist. Ashtabula No. 2019-A-0091, 2020-Ohio-3089 (May 26, 2020).

[31] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (concluding that 28 U.S.C. § 1738, the Full Faith and Credit Clause, requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered").

-6-

Case No. 1:21CV00162
Gwin, J.

doctrine.[32]  Lower federal courts cannot review "final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court."[33]

The *Rooker-Feldman* doctrine therefore precludes federal district courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[34]

Stated differently, a party who has lost a case in state court is barred from seeking what in substance would be appellate review of the state-court judgment in that case in federal court, based on the party's claim that the state-court judgment itself violates his or her federal rights.[35] Rather, to challenge the state court decision, the party must proceed through the state appellate system and then to the United States Supreme Court.[36]

Accordingly, to the extent that Plaintiff attempts to challenge the state-court judgments rendered in Ashtabula County courts, and is asking to be relieved of the consequences of those judgments, this Court lacks subject matter jurisdiction over those claims and they are barred under the *Rooker-Feldman* doctrine.

C.  Due Process

---

[32] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1932).
[33] *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)).
[34] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).
[35] *Berry*, 688 F.3d at 298-99.
[36] *See United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

-7-

Case No. 1:21CV00162
Gwin, J.

Even if Plaintiff's claims were not barred by res judicata or the *Rooker-Feldman*

doctrine, construing Plaintiffs' Complaint liberally, the Complaint fails to adequately allege

violations of 42 U.S.C. § 1983.

Plaintiff claims that Defendants' "wrongful and illegal actions" deprived him of his

property. Therefore, the only possible claim under §1983 this Court can construe is a claim

that Plaintiff was denied due process. To prevail on a procedural due process claim for the

taking of property through unauthorized acts, as Plaintiff alleges, Plaintiff must plead and

prove that state remedies for redressing the wrong are inadequate. [37] Here, a remedy is

available, however, through the state court system.  In fact, Plaintiff indicates that he

utilized this remedy by filing a lawsuit in the Ashtabula County Court of Common Pleas,

and he appealed the trial court's decision to the Ohio Court of Appeals and the Ohio

Supreme Court. There are no facts in the pleading which reasonably suggest that the

available state remedies were inadequate to redress the wrong.

Plaintiff therefore fails to state a plausible claim under §1983 based on due process

violations.

### IV. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B) and is closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.

IT IS SO ORDERED.

---

[37] *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

Case No. 1:21CV00162
Gwin, J.


Dated: March 25, 2021                         *s/  James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE